No. 15–0193/MC. U.S. v. Dwayne E. Novak, Jr. CCA 201300379. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to December 22, 2014.

No. 15–0194/AF. U.S. v. Aaron J. Lucero. CCA 38386. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to December 22, 2014.

No. 15–0196/AF. U.S. v. Dustin S. Purdy. CCA 38350. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to December 22, 2014.

Wednesday, December 3, 2014

No. 15–0077/MC. U.S. v. Matthew T. Engler. CCA 201300365. On consideration of the petition for grant of review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals and the record of trial, the Court notes a number of errors in the post-trial processing of this case and decision of the lower court: (1) the civilian defense counsel advised the staff judge advocate that he would not submit clemency matters, but then submitted clemency matters several weeks after the convening authority took his initial action; (2) the convening authority purported to take a second action after he forwarded the record to the lower court and thereby lost jurisdiction in the case; (3) the convening authority failed to include the clemency matters in the record; (4) the lower court failed to order the government to produce the missing clemency submission; and (5) the lower court found a legal basis for a conclusion of no prejudice in the second action despite that action being a legal nullity. Accordingly, it is ordered that said petition is hereby granted on the following issue:

CAN A MILITARY APPELLATE COURT USE AN UNLAWFUL CONVENING AUTHORITY'S ACTION TO NEGATE PREJUDICE WHEN TESTING FOR INEFFECTIVE ASSISTANCE OF COUNSEL DURING POST–TRIAL CLEMENCY PROCESSING?

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is reversed, and the convening authority's actions are set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to an appropriate convening authority for a new recommendation and action. Thereafter, Articles 66 and 67, Uniform Code of Military Justice, 10 U.S.C. §§ 866 and 867 (2012) shall apply.

No. 14–0754/AF. U.S. v. Kirkland C. Nettles. CCA 38336. On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

WHETHER THE AIR FORCE HAD PERSONAL JURISDICTION OVER APPELLANT AT THE TIME OF HIS TRIAL.

Briefs will be filed under Rule 25.

No. 15–0116/AR. U.S. v. Derrick L. Hardy. CCA 20120816. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

WHETHER IT WAS AN ABUSE OF DISCRETION FOR THE MILITARY JUDGE TO ACCEPT A PLEA OF GUILTY FOR WILLFUL VIOLATION OF A SUPERIOR COMMISSIONED OFFICER IN THE SPECIFICATION OF CHARGE I DESPITE THE ULTIMATE OFFENSE DOCTRINE AND THE MILITARY JUDGE'S APPLYING THE MAXIMUM PUNISHMENT FOR BREAKING RESTRICTION UNDER ARTICLE 134, UCMJ.

No briefs will be filed under Rule 25.

Thursday, December 4, 2014